CARTON v. DU BOISE.

Attachment—Ownership of Property—Question of Fact.
In a suit to set aside an attachment levied on certain
  lots where the only question was one of fact as to the
  ownership of the lots at the time of the levy, evidence
  *held*, to support a decree for plaintiffs.[1]

Appeal from Genesee; Brennan (Fred W.), J.   Submitted January 7, 1925.   (Docket No. 39.)   Decided April 3, 1925.

Bill by Peter Carton and others against Alphonse R. Du Boise and others to dissolve an attachment. From a decree for plaintiffs, defendants appeal. Affirmed.

*Farley & Selby*, for plaintiffs.

*Charles Bowles*, for defendants.

CLARK, J.   Alphonse R. Du Boise commenced suit in attachment against the Flint Commonwealth Corporation.   On October 20, 1923, the sheriff attached certain lots in Flint.   Plaintiffs Carton, Transue, Dain, and Ghitsas, claiming to be the owners, and the plaintiff bank, claiming to be a mortgagee, filed this bill, praying among other things that the attachment be set aside.   The defendants are Du Boise and the sheriff and his deputy.   The bill recites that plaintiff Pengelly was a contract purchaser, but we find no proof of that.   The other individual plaintiffs had documentary evidence that they had the record title and evidence that they had owned the lots and had been in possession and control of the property since

[1]Appeal and Error, 4 C. J. § 2869; Attachment, 6 C. J. § 1075.

May 28, 1919. The bank is interested as a mortgagee, under a recorded mortgage and an unrecorded deed. Defendants' only evidence of any interest of the Flint Commonwealth Corporation was a paragraph of the articles of association of such corporation, executed February 26, 1921, recorded March 8, 1921, in which it is recited that there had been transferred to such corporation a land contract on the lots. The first named individual plaintiffs here were among the incorporators. Plaintiffs had decree. Defendants have appealed.

The question is, Was the Flint-Commonwealth Corporation interested in the lots as a contract purchaser on October 20, 1923? Plaintiffs' evidence is to the effect that it was not. No question is raised that the recital in the articles of association is not the best evidence. The contract was not produced nor its absence accounted for on the record. The question is one of fact. We are not impressed that the trial court reached the wrong result.

Decree affirmed.

MCDONALD, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.